IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHARLES EDWARD JONES SR.**                                    **PLAINTIFF**
**ADC #144544**

v.                                    No: 5:18-cv-00074 JM-PSH

**WENDY KELLEY,** *et al.*                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Charles Edward Jones filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*, in the United States District Court, Southern District of California (Doc. Nos. 2 & 3). The case was subsequently transferred to this district (Doc. No. 7).

Jones is an inmate at the Delta Regional Unit in the Arkansas Department of Correction. Jones is a three-striker under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Jones has more than three strikes. Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Jones has strikes in the following cases: *Jones v. Gann, et al.*, No. 4:11-cv-00701-JLH; *Jones v. Arkansas,* No. 4:11-cv-00868-JLH; *Jones v. Glover*, No. 5:14-cv-00453-JM; and *Jones v. Gibson*, No. 5:15-cv-00125-JM.

As a three-striker, Jones must show that he was in imminent danger of serious physical injury at the time he filed the complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). Jones makes no allegation that he is in any danger of physical injury. Rather, his claims concern the handling of his legal mail by both the Delta Regional Unit and the Chicot County Circuit Court. Accordingly, he may not proceed in this case *in forma pauperis.*

IT IS THEREFORE RECOMMENDED THAT:

1. Jones' motion for leave to proceed *in forma pauperis* (Doc. No. 3) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Jones' motion for reimbursement (Doc. No. 5) be DENIED.

3. Jones be given thirty days to reopen the case by paying the $400 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 26th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE